IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

L. HALL,                                    *

    Plaintiff                              *

    v.                                    *          CIVIL NO. JKB-13-3615

GREYSTAR MANAGEMENT                         *
SERVICES, L.P., *et al.*,
                                            *
    Defendants
                                            *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM**

L. Hall ("Plaintiff") brought this suit against Greystar Management Services, L.P. ("GMS"), PSN Landscaping Co., Inc. ("PSN"), and Lieutenant Richard Kelly (collectively with GMS and PSN "Defendants") for retaliation in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*, conversion, violation of Article 26 of the Maryland Declaration of Rights, and violation of Title 20 of the State Government Article of the Maryland Code.  Now pending before the Court is Plaintiff's motion to alter/amend judgment and for leave to file an amended complaint.  (ECF No. 45.)  The issues have been briefed (ECF Nos. 45, 49, 51, 52, 53), and no hearing is required, Local Rule 105.6.  For the reasons explained below, Plaintiff's motion to alter/amend judgment is DENIED.

I.    BACKGROUND[1]

The facts here are largely unchanged as recounted in ECF No. 43.  In summary, Plaintiff has been diagnosed with "post-polio syndrome together with specific and related comorbidities including syncope and post-traumatic stress disorder, all of which substantially limit several

---

[1] The facts are recited here as alleged by the Plaintiff, this being a motion to alter or amend an order granting a motion to dismiss.  *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

major life activities." (ECF No. 1, Compl. ¶¶ 8-9.) Plaintiff lived in an apartment owned by

GMS until April 2011, when GMS declined to renew Plaintiff's year-to-year lease. In response,

Plaintiff filed a complaint with the federal Department of Housing and Urban Development

("HUD") alleging that GMS failed to renew Plaintiff's lease because of her disability. GMS then

prosecuted a successful tenant holding over action and obtained a proper warrant of restitution

(i.e., an eviction order) against Plaintiff.

On December 1, 2011, all Defendants were collectively involved with evicting Plaintiff

from her apartment. In the process, Defendants removed all of Plaintiff's personal property from

the apartment and brought it to landfills. Defendants also removed "all of [Plaintiff's] property,

including her purse and computers which was situated in and about her vehicle outside the

Premises." (*Id.* ¶ 23.) Plaintiff's purse and computers were returned to her moments later. (*Id.*)

Plaintiff filed the present action on November 27, 2013, alleging (1) retaliation in

violation of the FHA against GMS; (2) conversion against all Defendants; (3) violation of Article

26 of the Maryland Declaration of Rights against Lieutenant Kelly; and (4) violation of Title 20

of the State Government Article of the Maryland Code against GMS. (*Id.* ¶¶ 29-52.) In July

2014, the Court granted Defendants' motions to dismiss all claims, holding that Plaintiff held no

legal interest in the removed property because it was deemed "abandoned" the moment

Defendants properly executed the warrant of restitution. (ECF No. 44.)

Plaintiff now asks the Court to vacate its judgment, and to grant leave for Plaintiff to file

an amended complaint. (ECF No. 45.) In her proposed amended complaint ("the new

complaint"), Plaintiff adds new details about her eviction, particularly that Defendants removed

certain personal property from in and around Plaintiff's vehicle. She alleges that Defendants

removed and then almost immediately returned Plaintiff's bag containing her purse, passport,

and computers.  (ECF No. 45-2 at 8.)  She also alleges that Defendants removed and ultimately

destroyed her file boxes.  (*Id.*)

## II.     LEGAL STANDARD

After a final judgment has previously been rendered, a court must first vacate judgment

to allow amended pleadings.  *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2009).

Rule 59(e) allows a party 28 days from the entry of an adverse judgment to move that the

judgment be altered or amended.  In its discretion, a district court may grant such a motion under

three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to

account for new evidence not available at trial; or (3) to correct a clear error of law or prevent

manifest injustice."  *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006).

"[A] post-judgment motion to amend is evaluated under the same legal standard—

grounded on Rule 15(a)—as a similar motion filed before judgment was entered."  *Matrix

Capital Mgmt. Fund v. BearingPoint*, 576 F.3d 172, 193 (4th Cir. 2009).  Under Rule 15(a)(2),

leave to file an amended or supplemental pleading should be "freely give[n] where justice so

requires."  A district court may deny leave, however, if: (1) the new pleading would prejudice

the opposing party; (2) the moving party has acted in bad faith; or (3) the new pleading would be

futile (i.e., if it could not withstand a motion to dismiss).  *Perkins v. U.S.*, 55 F.3d 910, 917 (4th

Cir. 1995); *Laber*, 438 F.3d at 426.  Like pleadings that fail to survive a motion to dismiss, a

futile amendment fails to contain "sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell

Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor

does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## III.   ANALYSIS

Plaintiff's new complaint is futile on all counts, and thus her motion to amend/alter judgment is denied.

### a.   Count 1: Retaliation in Violation of the FHA Against GMS

In Count I, Plaintiff alleges that GMS retaliated against her in violation of 42 U.S.C. § 3617.  Section 3617 makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of [the plaintiff] having exercised or enjoyed . . . any right granted or protected by section 3603, 3604, 3605, or 3606 of this title."  42 U.S.C. § 3617.  In turn, § 3604 makes it unlawful to discriminate in the rental of a dwelling because of a renter's handicap.  42 U.S.C. § 3604.

> To prove a claim of retaliation under the FHA, a plaintiff must establish that:
>
> (1) The plaintiff was engaged in a protected activity; (2) the defendant was aware of that activity; (3) the defendant took adverse action against the plaintiff; and (4) a causal connection exists between the protected activity and the adverse action.

*Matarese v. Archstone Pentagon City*, 795 F. Supp. 2d 402, 442 (E.D. Va. 2011) (citing *Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004)), *rev'd on other grounds*, 468 Fed. Appx. 283 (4th Cir. 2012).  In the Court's prior memorandum and order dismissing Plaintiff's complaint, Count I failed on the third prong.  (ECF No. 43 at 7-11.)  On the facts alleged, the Court found that GMS did not take an adverse action against Plaintiff because all removed property was deemed abandoned.  (*Id.*)  Plaintiff's new complaint now alleges that GMS also removed property from in and around Plaintiff's car, property that had not been abandoned.  The complaint raises sufficient facts to survive a motion to dismiss on the third prong.

The Court now focuses its analysis on the fourth prong: whether Plaintiff's new complaint sufficiently alleges a causal connection between her protected activity (i.e., pursuing a HUD housing discrimination complaint) and the adverse action (i.e., GMS's removal and destruction of Plaintiff's file boxes in and around her car). The Court finds that she has failed to satisfy this prong.

To survive a motion to dismiss in FHA retaliation claims, a plaintiff "must sufficiently allege a discriminatory intent on the part of Defendants." *Bailey v. Vill. Green Mut. Homes*, 2014 WL 198348 at *3 (D. Md. 2014) (citing *Oxford House v. Town of Fayetteville*, 2012 WL 441156 (S.D. W. Va. 2012); *Davis v. Raleigh House. Auth.*, 2011 WL 832330 at *4 (E.D.N.C. 2011)). It is not enough to merely allege a plaintiff's protected characteristic and a defendant's unconnected adverse action. Further, a complaint may not rely on mere conclusory statements; it must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 557; *see also Bailey*, 2014 WL 198348 (dismissing a complaint for failure to state a claim where plaintiff failed to allege facts "beyond a conclusory statement that he was discriminated against because of his [protected characteristic]").

Plaintiff's new complaint is futile for two reasons. First, it fails to allege that GMS acted with discriminatory intent. The new complaint claims that GMS "acted with malice by taking the adverse action of ordering that Ms. Hall's property be transported to a landfill in another state where it was destroyed despite Ms. Hall's repeated instructions that she wished to have the property transported to a nearby portable storage unit." (ECF No. 45-2 at 11.) This pleading fails to allege that GMS's actions were taken *because of* Plaintiff's protected status or *because of* Plaintiff's prior HUD complaint. GMS's adverse acts on their own do not state a claim for housing discrimination under the FHA.

Second, even if the Court construes the complaint generously, Plaintiff's causal

allegations are conclusory and insufficient.  Plaintiff fails to support her claims with anything

other than a single conclusory statement alleging malice.  Absent factual allegations that could

give rise to a plausible finding of discriminatory intent, the Court cannot assume that GMS has

acted unlawfully under § 3617.  Accordingly, Plaintiff's attempt to amend her complaint is futile

with regard to Count I, and must be denied.[2]

### b.  Counts 2-4: Plaintiff's Remaining State Law Claims

Having dismissed Plaintiff's anchoring federal claim, the Court "enjoy[s] wide latitude in

determining whether or not to retain [supplemental] jurisdiction over state claims."  *Crosby v.*

*City of Gastonia*, 635 F.3d 634, 644 n.11 (4th Cir. 2011).  If the state claims were viable, or even

particularly complex, the Court would decline to retain supplemental jurisdiction.  In the interest

of judicial economy, though, the Court elects to address Plaintiff's remaining claims given the

simplicity of the analysis in dismissing all three.

In Count II, Plaintiff alleges that Defendants are liable for conversion because they

transported her property to a landfill after executing the court-issued warrant of restitution.  In

Maryland, a claim of conversion should aver "that the defendant converted to [its] own use the

plaintiff's goods, describing them, and to claim the damages resulting therefrom."  *Kirby v.*

---

[2] The Court further recognizes that Plaintiff's right to amend her complaint may be barred by the FHA's statute of limitations.  Section 3613 of the FHA mandates that an aggrieved person commence a civil action within two years after the occurrence of a discriminatory housing practice.  42 U.S.C. § 3613(1)(a)(A).  Plaintiff now seeks to amend her complaint well over two years after her personal property was allegedly destroyed.  An amended pleading may relate back to the original pleading if it arises "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  An amended claim arises out of the same conduct, transaction, or occurrence as the original complaint if: (1) there is "a factual nexus between the amendment and the original complaint"; and (2) the defendants "had notice of the claim and will not be prejudiced by the amendment."  *Grattan v. Burnett*, 710 F.2d 160, 163 (4th Cir. 1983).  In this case, Plaintiff's original complaint focused exclusively on the alleged 15,000 pounds of property removed from within her apartment (Compl. ¶¶ 24-25), and only briefly mentioned that a bag was taken from her car before being returned by officers, (*Id.* ¶ 23).  The allegedly missing file boxes were not mentioned at all.  While the Court does not resolve this issue, a comparison between the allegations in the original and new complaints suggests that Defendants were not on notice about Plaintiff's claims involving file boxes, and thus would be prejudiced by the amendment.

6

*Porter*, 144 Md. 261 (1923) (quoting *1 Poe. Pl. & Pr.* § 522 ¶ 206); *see generally* Jonathan M.

Purver, *Maryland Law Encyclopedia*, 5A M.L.E. Conversion § 23 (2014) (describing pleading

requirements for a claim of conversion, and noting that "[a] complaint which lacks these

elements may be deemed to be insufficient").  The Maryland Court of Appeals has emphasized

that a plaintiff must include a claim for damages. *Stirling v. Garritee*, 18 Md. 468 (1862).

Plaintiff's new complaint alleges that Defendants removed Plaintiff's bag and file boxes

from in and around her car.  (ECF No. 45-2 at 8.)  However, the entire contents of the bag were

returned to Plaintiff almost immediately after they were taken, and so their removal does not give

rise to a claim for conversion.  (Compl. ¶ 23; ECF No. 45-1 at 4.)

As for the file boxes, the Plaintiff has failed to claim damages for their removal and

destruction.   Both Plaintiff's original and new complaints seek compensatory and punitive

damages of $3 million.   (Compl. ¶ 10; ECF No. 45-2 at 12.)   Yet the Court's prior order

dismissed Plaintiff's claim for conversion of the 15,000 pounds of personal property removed

from her apartment.  (Compl. ¶ 24.)   Plaintiff's identical calculation of damages fails to put the

Defendants on notice of the contents and value of these boxes.  This new complaint should have

amended Plaintiff's claim of conversion to seek damages only for the removal and destruction of

property found in and around her vehicle.  Plaintiff's failure to include a plausible claim for

damages leaves her amended claim for conversion futile, and thus the Court denies Plaintiff's

motion to alter/amend its judgment on Count II.

In Count III, Plaintiff alleges that Lieutenant Kelly violated Article 26 of the Maryland

Declaration of Rights when he executed the warrant of restitution in a way that violated § 35-3-

103.   The Court previously disposed of this Count (ECF No. 43 at 12-13), and nothing in

Plaintiff's new complaint seeks to change any allegations concerning this claim.  Thus, the Court denies Plaintiff's motion to alter/amend its judgment on Count III.

In Count IV, Plaintiff alleges that GMS violated Title 20 of the State Government Article of the Maryland Code by destroying her property in retaliation for her having exercised rights protected by the statute, including the right to be free from discrimination.  (Compl. ¶¶ 44-50.) Maryland courts routinely look to federal anti-discrimination statutes in determining the scope of liability under Title 20.  The Maryland Court of Appeals has looked to caselaw related to the FHA where a corresponding state statute had "nearly identical" language.  *Bd. of Dir. of Cameron Grove Condo., II v. State Comm'n on Human Relations*, 431 Md. 61, 74-75 (comparing Maryland housing discrimination law to § 3604 of the FHA).  The Maryland housing discrimination retaliation statute employs nearly identical language to § 3617 of the FHA. Section 20-708 of the State Government Article of the Maryland Code states that "[a] person may not coerce, intimidate, threaten, interfere with, or retaliate against any person . . . because a person has exercised or enjoyed any right granted or protected by this subtitle."  MD Code, State Gov't, § 20-708.  In comparison, § 3617 makes it "unlawful to coerce, intimidate, threaten, or interfere with any person . . . on account of his having exercised or enjoyed . . . any right granted or protected" under the FHA.  42 U.S.C. § 3617.  Given that Plaintiff's retaliation claim under Maryland law looks nearly identical to her FHA retaliation claim, the Court finds that Count IV is futile for the reasons described in Section III(a) *supra*.

**CONCLUSION**

Accordingly, an order shall issue DENYING Plaintiff's motion to alter/amend judgment and for leave to file an amended complaint.  (ECF No. 45.)

DATED this <u>30th</u> day of September, 2014.

BY THE COURT:


<u>              /s/                </u>

James K. Bredar
United States District Judge