## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

L. HALL,                                  *

    Plaintiff                          *

    v.                                 *          CIVIL NO. JKB-13-3615

GREYSTAR MANAGEMENT                       *
SERVICES, L.P., *et al.*,
                                          *
    Defendants                         *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### MEMORANDUM AND ORDER

L. Hall ("Plaintiff") brought an action against Greystar Management Services, L.P. ("Greystar"); PSN Landscaping Co., Inc. ("PSN"); and Lieutenant Richard Kelly of the Baltimore County Sheriff's Office ("Lieutenant Kelly") (collectively, "Defendants"), alleging unlawful deprivation of her personal property during a December 2011 eviction from her apartment in Towson, Maryland.  The Court dismissed Plaintiff's action on July 2, 2014 (ECF No. 44), and it denied Plaintiff's subsequent Motion to Alter or Amend Judgment and for Leave to File Amended Complaint ("Motion to Amend") on September 30, 2014.  (ECF No. 56.) Plaintiff appealed.

On January 21, 2016, the United States Court of Appeals for the Fourth Circuit entered judgment largely affirming the Court's denial of Plaintiff's Motion to Amend.  (ECF No. 60.) However, the Fourth Circuit disagreed with the Court in one respect, holding that Plaintiff's proposed amended claim for conversion as against Greystar and PSN, sounding in Maryland tort law, was plausible.  The Fourth Circuit thus reversed and remanded as to that claim.  Thereafter, on February 17, 2016, the Court entered an Order terminating Lieutenant Kelly from these

proceedings and directing Plaintiff to file either (1) a Second Amended Complaint alleging a single count for conversion as against Greystar and PSN or (2) a status report.  (ECF No. 62.)

Now pending before the Court is Plaintiff's Motion to "Remand,"[1] filed on March 2, 2016.  (ECF No. 67.)  Greystar and PSN opposed Plaintiff's motion (ECF No. 68), and Plaintiff replied (ECF No. 69).  The Court has reviewed the parties' submissions and has determined that no hearing is necessary to resolve this matter.  *See* Local Rule 105.6 (D. Md. 2014).  For the reasons explained below, Plaintiff's Motion to "Remand" will be DENIED.

Title 28, United States Code, Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related . . . that they form part of the same case or controversy."  In her original Complaint, Plaintiff pleaded retaliation in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3617, a claim over which the Court had original jurisdiction; accordingly, the Court exercised supplemental jurisdiction over Plaintiff's related state-law claims.  At this stage, however, all that remains of Plaintiff's case is her claim for conversion, and Plaintiff urges the Court to decline further jurisdiction over that claim.  *See* 28 U.S.C. § 1367(c) ("The district court[] *may* decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" (emphasis added)).

In *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995), the Fourth Circuit explained that district courts "enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished."  The court elaborated that the

---

[1] It is, of course, technically impossible to "remand" this action to state court, as it was filed in federal court in the first instance.  However, the Court could decline to exercise its supplemental jurisdiction and dismiss Plaintiff's conversion claim without prejudice and with leave to refile in state court.  *See Kimberlin v. Hunton & Williams LLP*, Civ. No. GJH-15-723, 2016 WL 1270982, at *13 (D. Md. Mar. 29, 2016).

doctrine of supplemental jurisdiction is a "doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Id.* (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988), *superseded by statute on other grounds*, 28 U.S.C. § 1447(c)).  In deciding whether to retain jurisdiction over state-law claims, district courts should consider such factors as "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy."  *Id.*; *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."); *Lalowski v. City of Des Plaines*, 789 F.3d 784, 794 (7th Cir. 2015) (leaving the decision whether to exercise supplemental jurisdiction over state-law claim on remand to the "sound discretion of the district court"); *Mauro v. S. New Eng. Telecomms., Inc.*, 208 F.3d 384, 388 (2d Cir. 2000) (finding that district court did not err in retaining supplemental jurisdiction where declining such jurisdiction "would have furthered neither fairness nor judicial efficiency" and where state claims did not require court to "resolve any novel or unsettled issues of state law"); *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) (opining that in an "appropriate situation, a federal court may retain jurisdiction over state-law claims notwithstanding the early demise of all foundational federal claims").

Having considered the factors outlined in *Shanaghan* and the state of the record, the Court has determined that it will retain supplemental jurisdiction over Plaintiff's conversion claim.  The Court bases this determination largely on concerns for efficiency and judicial economy.  While Plaintiff correctly observes that the parties have not yet commenced discovery and that a trial schedule has not been established (ECF No. 69 at 4), this case has been pending

3

in federal court since November 2013—*i.e.*, nearly two and a half years.  Moreover, the Court has had several occasions to analyze Plaintiff's allegations and the relevant authorities—first when it reviewed Defendants' motions to dismiss; next when it considered Plaintiff's Motion to Amend; and most recently when it reviewed the judgment of the Fourth Circuit in preparation for these remand proceedings.  The Court is intimately familiar with the background of this case and its procedural posture, and it is thoroughly versed in the (few) remaining issues.  *Cf. Sherin v. John Crane–Houdaille, Inc.*, Civ. No. WDQ-11-3698, 2015 WL 1401853, at *3 (D. Md. Mar. 24, 2015) ("[C]onsiderations of judicial economy and convenience disfavor remand. . . . Having ruled upon dispositive motions, the Court is familiar with the facts of this case.").

The Court additionally notes that this case did not come before it on removal jurisdiction: on the contrary, it was *Plaintiff* who elected to file her Complaint in federal court.[2]  Having done so, she will not be heard to complain about litigating the merits of her sole remaining claim in the forum that she selected.  *See Beers v. Kaiser Permanente Ne. Div.*, No. 98-CV-1121 (TJM), 1999 WL 1269419, at *3 (N.D.N.Y. Dec. 16, 1999) (retaining jurisdiction over state-law claims where plaintiff, who filed her case in federal court, "voluntarily availed herself of [federal] jurisdiction," and where the parties and the court had "expended considerable time and resources" on the case).

---

[2] In her reply in support of her Motion to Remand, Plaintiff posits that "this Court has deemed the federal claims raised by [Plaintiff] in her Complaint and Amended Complaint 'insubstantial' and 'devoid of merit'" and that the Court therefore "lacks subject matter jurisdiction" to consider Plaintiff's conversion claim.  (ECF No. 69 at 9.) Plaintiff seems to be invoking the substantiality doctrine, which provides that federal courts are powerless to entertain purportedly federal claims that are in reality "so attenuated and unsubstantial as to be absolutely devoid of merit," *Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (citation omitted).  True enough, if a district court deems a proffered federal claim insubstantial, the court is "also without jurisdiction to decide any state issues or claims and they must be resolved in state court."  *Davis v. Pak*, 856 F.2d 648, 651 (4th Cir. 1988).  But dismissal for insubstantiality is inappropriate unless the proffered federal claim is "truly frivolous."  *Id.*

    It is passing strange for *Plaintiff* to insinuate that *Plaintiff's* federal claim was insubstantial, *i.e.*, truly frivolous.  This Court certainly held no such thing.  On the contrary, the Court carefully considered Plaintiff's FHA retaliation claim, and it dismissed that claim only after undertaking a detailed analysis that included a study of property law as it relates to the Baltimore County Code.  While the Court ultimately held, pursuant to the familiar standard of Rule 12(b)(6), that Plaintiff failed to plead a cognizable FHA claim, such a holding in no way deprived the Court of subject-matter jurisdiction to consider claims otherwise within the ambit of 28 U.S.C. § 1367(a).

Finally:  while the Court anticipates that no pressing matters of federal policy are likely to emerge in this litigation, neither does this case appear to involve state-law questions of first impression or unsettled, policy-laden matters best left to the expertise of Maryland courts.  On the contrary, this case seemingly involves a straightforward application of hornbook tort law to an uncomplicated fact pattern.  The Court is fully competent to preside over such a matter.

Accordingly, it is ORDERED:

1.  Plaintiff's Motion to "Remand" (ECF No. 67) is DENIED; and

2.  On or before Wednesday, April 27, 2016, Plaintiff SHALL FILE a Second Amended Complaint consistent with the January 21, 2016, judgment of the Fourth Circuit and this Court's Order of February 17, 2016.

DATED this 12th day of April, 2016.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge